**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| | * | |
| **THE UNITED STATES OF AMERICA** | | **Crim. No. 1:15cr70** |
| | * | |
| **v.** | | **Civil No.** |
| | * | |
| **BRIAN KEITH HUGHES** | | |
| | * | |

**\* \* \* \* \***

## MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255

Petitioner, Brian Keith Hughes, through undersigned counsel, hereby files a motion to set aside the judgment in this case on Counts One and Two pursuant to 28 U.S.C. § 2255. As explained below, Mr. Hughes's convictions under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Mr. Hughes also respectfully requests that this motion be held in abeyance pending a decision from the United States Court of Appeals for the Fourth Circuit regarding whether Hobbs Act robbery is a "crime of violence" under § 924(c). That court has tentatively set the issue for argument in September in *United States v. Ali*, 15-4433. Several other cases before the Fourth Circuit have also raised the issue. *See, e.g.*, *United States v. El Shamy*, 16-4054; *United States v. Wilson*, 16-4002; *United States v. Terry*, 15-4564; *United States v. Bailey*, 14-487.

### INTRODUCTION

On March 4, 2015, Mr. Hughes was convicted of two counts of using a firearm in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c) (Counts One and Two). Specifically, the counts alleged that the underlying "crime of violence" for the § 924(c) charges was interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act robbery). However, post-

*Johnson*, Hobbs Act robbery categorically fails to qualify as a "crime of violence." Therefore, Mr. Hughes is innocent of the § 924(c) offenses, and his convictions are void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause. The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, Hobbs Act robbery cannot qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, Hobbs Act robbery categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause. Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. Hughes's § 924(c) convictions (1) violate due process, (2) violate the laws of the United States and result in a fundamental miscarriage of justice, and (3) were entered in excess of this Court's jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

Mr. Hughes's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Hughes respectfully requests that this Court grant his § 2255 motion and vacate his conviction.

As grounds for this motion, Mr. Hughes states as follows:

## STATEMENT OF FACTS

On March 4, 2015, Mr. Hughes was found guilty of violating 18 U.S.C. § 924(c) (use of firearms during a crime of violence) (Counts One and Two).

On August 7, 2015, the district court sentenced Mr. Hughes to a total of 30 years, consisting of consecutive sentences of 5 years on Count One, and 25 years on Count Two.

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. In *Johnson*, 135 S. Ct. 2251, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2257. Finding the residual clause "vague in all its applications[,]" the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63. After *Johnson,* Mr. Hughes's § 924(c) conviction also cannot be sustained for the reasons contended below.

## ARGUMENT

I.      **In light of *Johnson*, Mr. Hughes's convictions cannot be sustained under 18 U.S.C. § 924(c) because Hobbs Act robbery fails to qualify as a "crime of violence."**

Mr. Hughes's § 924(c) convictions are void because the "crime of violence" element cannot be satisfied here. The predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" as a matter of law.

Under § 924(c)(3), "crime of violence" is defined as follows:

    (3)    For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

        (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

        (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause. As discussed in the next sections, conspiracy offenses categorically fail to qualify as "crimes of violence" under the residual clause because it is void for vagueness under *Johnson*. In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). Under *Johnson*, § 924(c)'s materially indistinguishable residual clause (§ 924(c)(3)(B)) must similarly be stricken as unconstitutional.

Likewise, Hobbs Act robbery categorically fails to qualify as a "crime of violence" under the remaining force clause (§ 924(c)(3)(A)) because it does not have an element the use, attempted use, or threatened use of violent physical force. Therefore, a conviction cannot be constitutionally sustained under § 924(c) for Counts One and Two.

**A.      Section 924(c)'s residual clause is unconstitutionally vague.**

Hobbs Act robbery cannot qualify as a "crime of violence" under § 924(c)(3)'s residual clause because the clause is void for vagueness under *Johnson*. In *Johnson*, the Supreme Court decided that the ACCA's residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") is unconstitutionally vague, but the decision equally applies to the parallel "crime of violence" definition in § 924(c)(3)'s residual clause. Section 924(c)(3)(B) suffers from the same two flaws that compelled the Supreme Court to declare the

4

ACCA residual clause void for vagueness.  Using § 924(c)(3)(B) to categorize a predicate conviction as a "crime of violence," therefore, violates due process.

Indeed, the Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and the Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) recently struck down an identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*.  The rationale of *Dimaya* and *Vivas-Ceja* applies equally to the determination of whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).   Relying on the same reasoning of *Dimaya* and *Vivas-Ceja*, several district courts have recently concluded that the § 924(c) residual clause was void for vagueness.  *See United States v. Smith*, No. 2:11CR058, 2016 WL 2901661 (D. Nev. May 18, 2016) (concluding that § 924(c)'s residual clause is void after *Johnson*); *United States v. Lattanaphom*, No. 2:99-00433, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016) (same); *United States v. Bell*, No. 15-cr-258, 2016 WL 344749 (N.D. Cal. Jan, 28, 2016) (same); *United States v. Edmundson*, No. PWG-13-15, 2015 WL 9311983 (D. Md. Dec. 23, 2015) (same).  This Court should do the same.  *See also In Re: Hubbard*, No. 15-276, 2016 WL 3181417, at *3 n.3 (4th Cir. Jun. 8, 2016) (concluding that *Johnson* applies retroactively to 18 U.S.C. § 16(b) and noting "that the language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of other").

### 1.   *Johnson* expressly overruled the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."

In *Johnson*, the Supreme Court "began its analysis of the vagueness question by noting that the [ACCA] residual clause mandates the use of a two-step framework [under the categorical approach], to determine whether a crime is a violent felony."  *Vivas-Ceja*, 808 F.3d at 721 (citing *Johnson,* 135 S. Ct. at 2557, 2562).  "In the first step, the court must determine 'the kind of conduct

5

that the crime involves in the ordinary case' as opposed to the facts on the ground in the defendant's prior case." *Id.* (quoting *Johnson*, 135 S. Ct. at 2557). The second step is also dependent on the ordinary case. Specifically, the "court must gauge whether that ordinary case of the crime presents a serious potential risk of physical injury." *Id.*

The Supreme Court held that these "two features of the residual clause conspire to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. To begin with, the Court held that it is impossible for a sentencing court to even get past the first step because there is too much uncertainty about what constitutes the ordinary case of a crime. *Id.* The Court concluded that the "the residual clause offers no reliable way to choose between [] competing accounts of what 'ordinary' . . . involves." *Id.* at 2558. Specifically, the Court explained that a statistical analysis of reported cases, expert evidence, Google, and gut instinct are all equally unreliable in determining the "ordinary case." *Id.* at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing en banc))).

The Court then held that the second step of the residual clause analysis is equally flawed because there is too much " 'uncertainty about how much risk it takes' [i.e., the quantum of risk] before a court can conclude that the 'ordinary case' of a crime is serious enough to be a violent felony." *Vivas-Ceja*, 808 F.3d at 722 (citing *Johnson,* 135 S. Ct. at 2558). To be clear, the Court's reasoning on the second step did not turn on the type of risk, i.e. "serious potential risk of physical injury." Rather, like the first step, it also turned on the doomed "ordinary case" inquiry: "It is one thing to apply an imprecise 'serious potential risk' standard to real-word facts; it is quite another to apply it to a judge-imagined [ordinary case] abstraction." *Johnson*, 135 S. Ct. at 2558. With these words, the Court conveyed that the constitutionality of the ACCA residual clause would not have been in question if the statute had required the jury to determine the risk based on the individual

facts in the case. *Id.* The Court explained that it was not doubting the constitutionality of any statute which "require[s] gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*." *Johnson* at 2561 (emphasis added). However, because under the ACCA residual clause, the quantum of risk had to be assessed based on the ordinary case, the clause was constitutionally doomed. The Court held that such indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary" case analysis is more than the "Due Process Clause tolerates." *Id.* at 2558.

Thus, *Johnson* not only invalidated the ACCA residual clause, but it invalidated the "ordinary case" analysis and statutory provisions that compel such an analytical framework. In other words, the only way to apply the residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

## 2. *Johnson* Means That § 924(c)(3)(B) Is Unconstitutionally Vague.

The statutory phrase at issue in this case is essentially the same as the ACCA residual clause.[1] To be sure, 18 U.S.C. § 924(e)(2)(B)(ii) and 18 U.S.C. § 924(c)(3)(B) are not identical.[2]

---

[1] Courts regularly compare the similarities between the residual clause in the ACCA to the clause at issue here. Although the comparison tends to specifically address 18 U.S.C. § 16(b), that statute is identical to § 924(c)(3)(B). *See, e.g., Chambers v. United States*, 555 U.S. at 133, n.2 (2009) (citing circuit splits on § 16(b) in the context of a residual clause case because § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring). *See also United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA otherwise clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (despite the fact that the ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)").

[2] In pertinent part, the ACCA residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may

But the differences have no impact on the constitutional analysis.  Although the risk at issue in the ACCA is a risk of injury, and the risk at issue in Section 924(c) is a risk that force will be used, this difference is immaterial to the due process problem and has no impact on the *Johnson* decision.[3] The Court's holding did not turn on the type of risk, but rather how a court assesses and quantifies the risk.[4]

The two-step process is the same under both the ACCA and § 924(c). Both statutes require courts first to picture the "ordinary case" embodied by a felony,[5] and then decide if it qualifies as

_____

be used in the course of committing the offense."

[3] *See Vivas-Ceja*, 808 F.3d at 722 ("§ 16(b) substitutes 'substantial risk' for the residual clause's 'serious potential risk.' Any difference between the two phrases is superficial. Just like the residual clause, § 16(b) offers courts no guidance to determine when the risk involved in the ordinary case of a crime qualifies as 'substantial.'"); *Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other). *See also United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244 (10th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997); *United States v. Bauer*, 990 F.2d 373, 374 (8th Cir. 1993) (describing the differences between the statutes as "immaterial" and holding that U.S.S.G. § 4b1.2, which uses the ACCA language, "is controlled by" a decision that interprets § 16(b)).

[4] Of course, many federal and state criminal laws include "risk" standards that employ adjectives similar to those in the ACCA and § 924(c), such as "substantial," "grave," and "unreasonable." And the Supreme Court in *Johnson* said it did not mean to call most of these into question. But, as Justice Scalia's majority opinion observed, that is because the vast majority of such statutes require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion; in other words, applying such a standard to "real-world conduct." By contrast, the ACCA's residual clause, and § 924(c)(3) too, require it to be applied to "an idealized ordinary case of the crime," an "abstract inquiry" that "offers significantly less predictability." *Johnson*, 135 S. Ct. at 2558.

[5] Both the ACCA and § 924(c)(3)(B) require courts to discern what the ordinary case of a crime is by using the categorical approach. *See, e.g., United States v. Fuertes*,  805 F.3d 485,498 (4th Cir. 2015); *United States v. Butler*, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Serafin*, 562 F.3d 1104, 1108 (10th Cir. 2009); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008); *United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995). Courts may

a crime of violence by assessing the quantum of risk posed by the "ordinary case." The Fourth

Circuit held exactly as such in *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014) in

construing § 16(b):

> [E]very set of conceivable facts covered by first-degree burglary does not have to
> present a serious risk of injury for it to qualify as a crime of violence. It is sufficient
> if "the conduct encompassed by the elements of the offense, in the ordinary case,
> presents a serious potential risk of injury to another." *James*, 550 U.S. at 208, 127
> S. Ct. 1586. As long as an offense is of a type that, by its nature, presents a
> substantial risk that physical force against the person or property of another may be
> used, it satisfies the requirements of 18 U.S.C. § 16(b).

*Id.*

*Avila* controls here because § 16(b) and § 924(c)(3)(B) are identical.[6] Even more, consistent

with *Avila*, in *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015), the Fourth Circuit directly

applied the "ordinary case" inquiry to the § 924(c) residual clause. 805 F.3d at 500 n.6. *See also*

*United States v. Naughton*, 621 Fed. Appx. 170, 178 (4th Cir. Sept. 2, 2015) (applying the ordinary

case inquiry to § 924(c)(3)(B)). Thus, as Judge Grimm explained in *Edmundson*, the "§ 924(c)

residual clause suffers from exactly the same double indeterminancy as the ACCA residual clause."

*Edmundson*, 2015 WL 9311983, at *4. Moreover, the Seventh and Ninth Circuits recognized the

---

not consider the factual means of committing any given offense, but must consider the nature of the
offense in the "ordinary case," regardless of whether the ACCA, § 924(c)(3)(B), or § 16(b) is at
issue.

   [6] Other courts likewise require the ordinary case analysis when the statutory language of §
16(b) (and thus § 924(c)(3)(B)) is at issue. *See, e.g., Keelan*, 786 F.3d at 871 (adopting "ordinary
case" analysis for § 16(b)); *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2012)
(citing *James* as the source of the "ordinary case" analysis required by § 16(b)); *Van Don Nguyen
v. Holder*, 571 F.3d 524, 530 (6th Cir. 2009) (considering § 16(b) and concluding that "[t]he proper
inquiry is one that contemplates the risk associated with the proscribed conduct in the mainstream
of prosecutions brought under the statute."); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213
(10th Cir. 2007) (same).

same in invalidating § 16(b), the identical twin to § 924(c)(3)(B), as void for vagueness under *Johnson*. *See Vivas-Ceja,* 808 F.3d at 723; *Dimaya*, 803 F.3d at 1117.

It is also noteworthy that in litigating *Johnson*, the Government, through the Solicitor General, agreed that the phrases at issue in *Johnson* and in this case pose the same problem. Upon recognizing that the definitions of a "crime of violence" in both § 924(c)(3)(B) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States*, S. Ct. No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23) (March 30, 2015). The Solicitor General was right. Section 924(c)(3)(B) and the ACCA are essentially the same and contain the same flaws. This Court should hold the Government to that concession.

Section 924(c)(3)(B), like the ACCA residual clause, thus requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is. *Fuertes*, 805 F.3d at 500 n.6; *Avila*, 770 F.3d at 1107; *Ayala*, 601 F.3d at 267; *Van Don Nguyen*, 571 F.3d at 530; *Sanchez-Garcia*, 501 F.3d at 1213. Since these are the identical analytical steps that brought down the ACCA residual clause, § 924(c)(3)(B) cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*. As a consequence, the residual clause cannot be used to support a conviction under § 924(c).

**B.     Hobbs Act Robbery categorically fails to qualify as a "crime of violence" under the force clause.**

      **1.     The categorical approach applies in determining whether an offense qualifies as a "crime of violence" under the "force" clause.**

In determining whether an offense qualifies as a "crime of violence" under the "force" clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-41 (4th Cir. 2013).[7]  This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42.  In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the "force" clause, the offense must have an element the use, attempted use, or threatened use of "physical force" against another person or property.  18 U.S.C. § 924(c)(3)(A).  And "physical force" means *violent* force – that is "strong physical force," which is "capable of causing physical

---

      [7]Although *Descamps* involved the categorical approach as applied to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).  *See United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).[8]

As further detailed below, under these terms, Mr. Hughes's offense of Hobbs Act robbery categorically fails to qualify as a § 924 "crime of violence" under the force clause because the offense does not have a force element.

> **2.  Hobbs Act robbery fails to qualify as a "crime of violence" under the "force" clause of § 924(c)(3) because it can be violated without: (1) the use or attempted use, or threatened use of violent physical force; or (2) an intentional threat of the same. accomplished through intimidation.**

The Hobbs Act provides that "[w]hoever in any way obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."  18 U.S.C. § 1951(a).  The word "robbery" is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." *Id.*

For three reasons, this statute does not categorically constitute a crime of violence under the force clause definition in 18 U.S.C. § 924(c)(3)(A).  First, violation of the statute can result from

---

[8]Courts of Appeals have consistently held that 18 U.S.C. § 16(a) (which is almost the same as § 924(c)(3)(A)) contemplates "destructive," "violent force" – not *de minimis* force.  *United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001); *see also Flores-Lopez v. Holder*, 685 F.3d 857, 864 (9th Cir. 201) (requiring "use of violent, physical force"); *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003); *Bazan-Reyes v. INS*, 256 F.3d 600, 611 (7th Cir. 2001) ("[T]erm 'physical force' in 18 U.S.C. § 16(b) refers to actual violent force.").  Indeed, the Supreme Court in *Johnson* cited lower court opinions defining "physical force" under § 16 when defining "physical force" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).  559 U.S. at 140 (citing *Flores*, 350 F.3d at 672).

future threats to intangible property, and as such the statute encompasses conduct that falls outside the scope of violent physical force to persons or property.  Indeed,  "[t]he concept of 'property' under the Hobbs Act is an expansive one" that includes "*intangible assets*, such as rights to solicit customers and to conduct a lawful business."  *United States v. Arena*, 180 F.3d 380, 392 (2d. Cir. 1999) (citing 18 U.S.C. § 1951(a) and interpreting robbery definition that includes threats against physical violence against "persons 'or property'"), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*  537 U.S. 393, 401 n.8 (2003) (emphasis added); *see also United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970) (sustaining conviction under Hobbs Act when boss threatened "to slow down or stop construction projects unless his demands were met."); *United States v. Local 560 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 780 F.2d 267, 281 (3d Cir. 1986) (the Circuits "are unanimous in extending Hobbs Act to protect intangible, as well as tangible property.").  Thus, Hobbs Act robbery can be committed via threats to cause a devaluation of some economic interest like a stock holding.  Such threats to economic interests are certainly not threats of "violent force."

Second, the plain language of the Hobbs Act robbery statute under 18 U.S.C. § 1951 provides that the offense can be accomplished not merely by threats of force or violence, but also by placing another in fear of  injury.  Placing another in fear of injury — say by withholding medicine or food, for example — certainly does not require the use or threatened use of "violent force."  *Torres-Miguel,* 701 F.3d 165, is directly on point.  Indeed, in that case, the Fourth Circuit concluded that the threat of *any physical injury,* even "serious bodily injury or death," does not necessarily require the use of physical force – let alone "violent force."  *Torres-Miguel*, 701 F.3d

13

at 168.  Accordingly, *Torres-Miguel* instructs that Hobbs Act robbery, which can be accomplished by putting another in fear of physical injury, does not require "violent force."

Third, the threat of "force" or "violence" required to commit Hobbs Act robbery is less than the violent physical force required to qualify as a "crime of violence" under the categorical approach.  For example, a threat of injury to tangible property does not require the threat of violent force.  One can threaten to injure another's property by throwing paint on someone's house, pouring chocolate syrup on one's passport, or spray painting someone's car.  These actions do not require violent force.  As such, a violation of the Hobbs Act statute does not require "violent force" against property under § 924(c)(3)(A) because it can be accomplished by many means short of strong physical force.  Because "the full range of conduct" covered by the Hobbs Act robbery statute does not require "violent force" against persons or property, it cannot qualify as a "crime of violence" under § 924(c)(3)'s force clause.  *See Torres-Miguel*, 701 F.3d at 171.

Moreover, Hobbs Act is a species of common law robbery.  *United States v. Nedley*, 255 F.2d 350, 357 (3d Cir. 1958) ("'Robbery' under the Hobbs Act, is common law robbery").  And under the common law, "jostling" or pushing a person to obtain property is sufficient to constitute robbery.  *See* 3 LaFave, Subst. Crim. L. § 20.3 (2d ed.) ("Taking the owner's property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, of if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep his possession, the pickpocket's crime becomes robbery.").

But as the Fourth Circuit recently held in the context of North Carolina common law robbery, such de minimus force is insufficient to categorically qualify an offense as a crime of violence.  *See United States v. Gardner*, No. 14-4533, 2016 WL 2893881, at *7 (4th Cir. May 18,

2016) ("[W]e hold that North Carolina common law robbery does not qualify categorically as a 'violent felony' under the ACCA.").  As the Fourth Circuit explained, because "the North Carolina Court of Appeals has held that a defendant's act of pushing the victim's hand off of a carton of cigarettes was sufficient 'actual force' to uphold a common law robbery conviction," *id.*, it was evidence that North Carolina's common law robbery offense did not constitute a crime of violence under the ACCA's force clause.  The same rationale applies to Hobbs Act robbery as defined in 18 U.S.C. § 1951.

## II.     Mr. Hughes's claim is cognizable under 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction.  28 U.S.C. § 2255(a).  Mr. Hughes is entitled to relief on all these grounds.

First, based on all the reasons noted above, Mr. Hughes's § 924(c) convictions violate due process because they were dependent upon an unconstitutionally-vague residual clause.

Second, because post-*Johnson,* Hobbs Act robbery categorically fails to satisfy the "crime of violence" element under § 924(c), the indictment failed to state an offense under § 924(c), and Mr. Hughes has now been convicted of an offense that is no longer criminal.  This means his convictions violate United States laws and result in a miscarriage of justice.  The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a).  *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

Third, Mr. Hughes's convictions have been entered in excess of this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, but it affirmatively alleged conduct that is outside of the sweep of § 924(c).  Specifically, Counts One and Two alleged use of firearms during a Hobbs Act robbery, but as discussed above, under the categorical approach, Hobbs Act robbery can never qualify as a § 924(c) predicate.  In turn, a § 924(c) conviction can *never* be sustained based on the underlying offense of Hobbs Act robbery, no matter what the facts are.  Simply put, Counts One and Two altogether fails to state a § 924(c) offense.  Thus, Mr. Hughes's convictions are a legal nullity that were entered in excess of this Court's jurisdiction and must be vacated.  *See United States v. Hughes*, 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute."); *United States v. Barboa*, 777 F.3d 1420, 1423 n. 3 (10th Cir. 1985) ("If  Barboa pled guilty to something which was not a crime, he is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the States to bring the defendant into court to answer the charge brought against him.'") (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)).

## III.     This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.").

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Hughes filed his claim within a year of that date.  As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## **CONCLUSION**

For the reasons set forth above, Mr. Hughes respectfully asks this Court to vacate his § 924(c) convictions.

Respectfully submitted,
BRIAN KEITH HUGHES

GEREMY KAMENS
Federal Public Defender

_____/s/_____
NICHOLAS J. XENAKIS,
Research and Writing Specialist
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0869 (phone)
(703) 600-0880 (fax)
Nick_Xenakis@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2016, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

AUSA G. Zachary Terwilliger
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia   22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

By: _____/s/_____
Nicholas J. Xenakis
Counsel for the Defendant
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0869 (phone)
(703) 600-0880 (fax)
Nick_Xenakis@fd.org